# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL A. MAHONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:14-CV-224-JAR |
| ) | |
| MISSOURI DEPARTMENT OF ) | |
| CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Michael A. Mahone (registration no. 507024) for leave to commence this action without payment of the required filing fee. For the reasons stated below, the motion will be granted and plaintiff will be assessed an initial partial filing fee of $2.20. *See* 28 U.S.C. § 1915(b)(1). In addition, the Court will dismiss the complaint as legally frivolous.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average

monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $65.90, and an average monthly balance of $0.00. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $2.20, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a

claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

**The Complaint and Supplement**

Plaintiff, an inmate at Farmington Correctional Center (FCC), brings this action for the violation of his constitutional rights under 42 U.S.C. § 1983. Named as defendants are the Missouri Department of Corrections, Corizon Medical Services, Inc., Unknown Stamps (a doctor at the Algoa Correctional Center), Unknown Archer (a doctor at a prison in Bowling Green, Missouri), Unknown Wudell (a doctor at FCC), Lisa Spain (Director of Medical Services at FCC), and Dana Jost (a nurse practitioner at FCC). Plaintiff alleges that a spider bit him on his leg in September 2012, while he was incarcerated at a prison in Bowling Green, Missouri. He states that he "saw Dr. [-blank-] at the medical department," but the treatment "didn't work" and plaintiff's condition became worse. At some point, plaintiff was transferred to Algoa prison and was treated by defendant Stamps. Again, plaintiff alleges that his condition worsened.

Plaintiff states that he was subsequently transferred to FCC, where he has been treated by defendants Wudell and Jost, but he has "gotten no better." Plaintiff claims that because he failed to comply with certain medical instructions,[1] he was placed in the infirmary, where he was expected to shower and have his bandages changed by a nurse. Plaintiff states that he wants to be released out of the infirmary. He claims he is being subjected to cruel and unusual punishment, because he is not allowed to shower in his own housing unit, and he is being "denied access to [his] medical records [and] being seen by Lisa Spain for questions." Plaintiff states that his wound has not been treated properly, he wants a skin graft, and he is being given the "run around of who actually can release [him] out [of] the infirmary."

## Discussion

Plaintiff brings this action against defendants Stamps, Archer, Wudell, Spain, and Jost in their official capacities. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) (where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or

---

[1] For example, plaintiff states that he refused to have a "calcum patch" put on his leg to cover his wound, because "it only hurts [his] leg . . . [and] it's serving no purpose."

her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the complaint will be dismissed as legally frivolous and for failure to state a claim upon which relief can be granted as to defendants Stamps, Archer, Wudell, Spain, and Jost.

As to the Missouri Department of Corrections, plaintiff's claims are barred by the Eleventh Amendment. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978). Furthermore, a suit against the Missouri Department of Corrections is, in effect, a suit against the State of Missouri; however, the State of Missouri is not a "person" for purposes of a § 1983 action. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989). For these reasons, the Missouri Department of Corrections will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

To state a claim against Corizon Medical Services, Inc., a plaintiff must allege that there was a policy, custom, or official action that caused an actionable injury. *See Sanders v. Sears Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993). Because the instant complaint does not set forth any such allegations, plaintiff has failed to state a claim upon which relief can be granted. Therefore, defendant Corizon, Inc., will also be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

As additional grounds for dismissing this action, the Court notes that, in order to state a claim for unconstitutional medical mistreatment, a plaintiff must plead facts sufficient to indicate deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). To show deliberate indifference, a plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). To state a claim of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). Moreover, medical malpractice, inadvertent failure to provide adequate medical care, and negligence do not amount to a constitutional violation, *Dulany*, 132 F.3d at 1343, and prison officials do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested treatment. *Kayser v. Caspari*, 16 F.3d 280, 281 (8th Cir. 1994). Having carefully reviewed the complaint relative to the treatment plaintiff has allegedly received for the spider bite wound on his leg, the Court concludes that the allegations simply do not rise to the level of deliberate indifference.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $2.20 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915e(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 12th Day of March, 2014.

_____
UNITED STATES DISTRICT JUDGE